**IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**
**Hearing  MDL No. 3095 on 01/25/2024**

UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

_____

In re:  Kaiser COVID-19         )
Vaccination Employment          )          MDL No. 3095
Practices Litigation,           )        January 25, 2024
_____)           11:04 a.m.


TRANSCRIPT OF ORAL ARGUMENT

Chair:                          Honorable Karen K. Caldwell
                                United States District Court
                                Eastern District of Kentucky

Members:                        Honorable Matthew F. Kennelly
                                United States District Court
                                Northern District of Illinois

                                Honorable Nathaniel M. Gorton
                                United States District Court
                                District of Massachusetts

                                Honorable Madeline Cox Arleo
                                United States District Court
                                District of New Jersey

                                Honorable Roger T. Benitez
                                United States District Court
                                Southern District of
                                California

                                Honorable David C. Norton
                                United States District Court
                                District of South Carolina

                                Honorable Dale A. Kimball
                                United States District Court
                                District of Utah



Reported by:  MIRANDA RUMSEY
CSR License No. 14199

**IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**
**Hearing  MDL No. 3095 on 01/25/2024**

A P P E A R A N C E S

By:        Christian J. Rowley, Esq.
           Seyfarth Shaw LLP
For:       Kaiser Foundation Hospitals, et al.


--o0o--

**IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**
**Hearing  MDL No. 3095 on 01/25/2024**

Page 3

P R O C E E D I N G S

JUDGE CALDWELL:  The panel will now turn to MDL No. 3095, and Mr. Rowley, it looks like you're the only gang in town.

MR. ROWLEY:  I am.  Thank you.  It looks like I know how to clear the room here.

Christian Rowley.  Law firm Seyfarth Shaw, representing what we'll call the Kaiser Permanente defendants here, moving for a coordination in the MDL.

As you can see, we only had two objections that were filed.  One late last night, from a case that wasn't officially included in the petition, and one other objection.

To summarize, the two objections primarily related around to their convenience, not really the convenience of the courts or the litigants.  The one thing I wanted to point out here, Your Honors, is we have now 27 cases.  And so now there were a large number of additional cases, as we anticipated, filed after the MDL was filed, that are not included.  Those are pending before 23 different district court judges in nine different districts.

We had originally suggested the Central District of California.  The Kaiser Permanente -- and

**IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**
**Hearing  MDL No. 3095 on 01/25/2024**

Page 4

Kaiser Permanente is a trade name.  So there's actually 11 defendants here.  Only nine of them are real.  So there's nine real defendants, but they all operate under the Kaiser Permanente trade name, and that is based in the Northern District of California.

However, one of the larger entities, the Southern California Medical Group, is in Southern California, and a number of the cases, at least initially, were filed there.  And so that's why we had initially suggested that court -- or the court in Oregon because there were a number of cases filed in Oregon.

But the reality is, is that the Northern District of California is actually the most approximate to the defendant in this case.  Literally all of the issues in these cases are going to be identical for the most part.  This really just relates to whether these individuals who -- they were part of a group of 17,000 people who suddenly claimed that they had religious exemptions to a federal government COVID mandate.

Kaiser was, in a short period of time, required to review all of those within approximately five weeks, and make a determination as to whether they had expressed a sincerely religious belief.  The vast majority were approved.  Some weren't.  And these were cases arising out of that.

**IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**
**Hearing  MDL No. 3095 on 01/25/2024**

Page 5

But really the only -- so the process of how it was done is gonna be the same.  The legal issues are gonna be the same.  Whether privilege applies in the process, they had to use attorneys in reviewing these because of the volume that came in a short period of time.  They're all gonna be very similar issues.

Really the only unique issues would only be for those cases that made it past the motion to dismiss or summary judgment, could be whether that particular individual had such a belief, and for that it could be sent back to the regular court.

So at this point, you know, we actually looked at -- Judge Seeborg has one of the cases in the Northern District of California, and he's actually issued a motion.  That's the only one that's very far along, or the Central District.  And I'll --

JUDGE CALDWELL:  Judge Kimball?

JUDGE KIMBALL:  Were the decisions to deny the religious exemptions made in various offices or were they all made at some central office?

MR. ROWLEY:  The decisions were all made in Northern California.  There was one -- there may have been certain parts at the very end of the decision where there were certain people involved, who may have logged in remotely.  But as you recall, Judge Kimball, this was

**IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**
**Hearing  MDL No. 3095 on 01/25/2024**

Page 6

during COVID.  And so, you know, the vast majority of individuals were working remotely.  But the process for all that, which my firm was involved with, was primarily or exclusively in Northern California.

JUDGE KIMBALL:  And haven't some of the discovery -- some of the cases been completed, at least discovery in the cases?

MR. ROWLEY:  Not a single case, Your Honor.  We moved quickly on this to do it because we also were aware that there were a lot of EEOC charges pending, and it was unlikely that EEOC was going to move forward on any of them, which would result in right-to-sue letters, which is exactly what happened.  When those were issued, we saw 11 more cases filed by Plaintiffs, so none of the cases have been to any significant -- any discovery.

I think -- yeah, I don't believe we've done discovery in any of the cases.  I think we did initial disclosures in one case.  We have motions to dismiss, pending in several cases, but we move to stay those.  And we held off filing motions to dismiss in other cases by agreement with Plaintiffs' counsel to allow for coordination.

JUDGE KIMBALL:  Are other tagalongs likely?

MR. ROWLEY:  We can see additional tagalongs for the next couple of months when the right-to-sue

**IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**
**Hearing  MDL No. 3095 on 01/25/2024**

Page 7

period runs out.  There are a possibility because there were subsequent vaccine mandates.  Again, these mandates were imposed by the federal government under the CMS regulations and manages Medicare/Medi-cal.

And so as part of those mandates, there will be additional -- potentially people who didn't get follow-on vaccines that may file suit.  Again, very similar or identical issues in the sense that they need to show they had a sincerely-held religious belief.  So --

JUDGE CALDWELL:  Judge Arleo -- oh, I'm sorry.  I didn't mean to cut you off.

Judge Arleo?

JUDGE ARLEO:  So you said there was -- 17,000 decisions remained for religious exemptions?

MR. ROWLEY:  Yes, Your Honor.

JUDGE ARLEO:  Right.  And there's 16 lawsuits, right?  And so you said -- quickly -- the EEOC right-to-sue deadline's approaching; when is that?

MR. ROWLEY:  Yeah, there's 27 cases, Your Honor.  There's 16 that you have now, and there's 27 total, including the 11 that we've added on.  The decisions were spread out.  I think the expirations happened any time between -- a few of them may have happened in early January to the end of February.  It

**IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**
**Hearing  MDL No. 3095 on 01/25/2024**

Page 8

just depends on when the notice was actually sent out for that particular --

JUDGE ARLEO:  Okay.  So aren't they going to rise and fall on the facts of each of the plaintiffs?

MR. ROWLEY:  No, not necessarily, Your Honor. Again, there's gonna be a huge amount of common issues. So, for example, many of the plaintiffs have -- I don't want to get too much in the weeds here.  But we saw a lot of duplication of issues.  So a lot of plaintiffs, for example, would say, "My body is a temple.  I don't put anything in my body that God doesn't tell me to."

Now, that's been addressed by a number of district courts around the country, but that is common to many of these plaintiffs, and I could go through other types of things.  So there's going to be very clear commonalities.

But ultimately, Your Honor, if they could make it past summary judgement and/or the motion to dismiss stage, then, yes, there would need to be a trial potentially for the defendants that made it there.  But everything up to there is gonna be the same.  The process is the same.  The standards that were used are the same.  There's a very significant issue here as to whether federal preamble -- preambs [sic] any state law because there's specific language in the CMS statute

IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION
Hearing  MDL No. 3095 on 01/25/2024

Page 9

that's gonna be the same.

So literally up to the point you get to -- they take it all the way to trial, everything up to that is gonna be the same.

JUDGE CALDWELL:  Judge Kimball?

JUDGE KIMBALL:  If we decide to centralize, wouldn't the District of Oregon be a pretty good place?

MR. ROWLEY:  The District of Oregon would be acceptable, Your Honor.  There's, obviously, very good judges there.  I believe Chief Judge Hernandez has several of the cases in the District of Oregon.  Oregon was not where the decision nexus was.  We have a lot of cases in Oregon, but that's because a couple law firms are there, and they filed quite a few.  But, obviously, that is one of the places that we had noted would be acceptable.

JUDGE CALDWELL:  Yes, Judge Norton?

JUDGE NORTON:  Are you involved in the Maryland case?

MR. ROWLEY:  I am.  We'll be taking over all of them.  Sheppard Mullin was handling a few of them but -- and I haven't appeared in the Maryland case.

JUDGE NORTON:  Because the Maryland case reported that discovery was complete.

MR. ROWLEY:  I don't believe that's the case,

**IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**
**Hearing  MDL No. 3095 on 01/25/2024**

Page 10

Your Honor.  But if I misspoke on that, then I apologize.  Again, that's a case that was handled by the Sheppard firm and was a little farther along.  We came in, and all the additional cases were filed.  So my apologies, Your Honor, if I misspoke on that.

JUDGE CALDWELL:  Other questions?

Hearing none.  Thank you for your argument.

That concludes the panel's consideration of MDL No. 3095.

MR. ROWLEY:  Thank you, all.

(The proceedings concluded at 11:13 a.m.)

**IN RE: KAISER COVID-19 VACCINATION EMPLOYMENT PRACTICES LITIGATION**
**Hearing  MDL No. 3095 on 01/25/2024**

REPORTER'S CERTIFICATE

I, MIRANDA RUMSEY, a Certified Shorthand Reporter for the State of California, do hereby certify:

That I am a disinterested person herein; that the proceedings were reported in shorthand by me, Miranda Rumsey, a Certified Shorthand Reporter of the State of California, and thereafter transcribed into typewriting; that the foregoing is a true and correct record of the testimony given by the witness.

IN WITNESS WHEREOF, I hereby certify this transcript at my office in the County of El Dorado, State of California, this 13th day of February, 2024.

_____

MIRANDA RUMSEY, CSR #14199

**1**

**11**  4:2 6:14 7:22

**11:13**  10:11

**16**  7:17,21

**17,000**  4:17 7:14

**2**

**23**  3:22

**27**  3:19 7:20,21

**3**

**3095**  3:4 10:9

**A**

**a.m.**  10:11

**acceptable**  9:9,16

**added**  7:22

**additional**  3:20 6:24 7:6 10:4

**addressed**  8:12

**agreement**  6:21

**amount**  8:6

**and/or**  8:18

**anticipated**  3:20

**apologies**  10:5

**apologize**  10:2

**appeared**  9:22

**applies**  5:3

**approaching**  7:19

**approved**  4:24

**approximate**  4:13

**approximately**  4:21

**argument**  10:7

**arising**  4:25

**Arleo**  7:11, 13,14,17 8:3

**attorneys**  5:4

**aware**  6:10

**B**

**back**  5:11

**based**  4:4

**belief**  4:23 5:10 7:9

**body**  8:10, 11

**C**

**CALDWELL**  3:3 5:17 7:11 9:5,17 10:6

**California**  3:25 4:5, 7,8,13 5:14,22 6:4

**call**  3:9

**case**  3:12 4:14 6:8, 18 9:19, 22,23,25 10:2

**cases**  3:19, 20 4:8,11, 15,25 5:8, 13 6:6,7, 14,15,17, 19,20 7:20 9:11,13 10:4

**central**  3:24 5:16,20

**centralize**  9:6

**charges**  6:10

**Chief**  9:10

**Christian**  3:8

**claimed**  4:18

**clear**  3:7 8:16

**CMS**  7:3 8:25

**common**  8:6, 13

**commonalities**  8:16

**complete**  9:24

**completed**  6:6

**concluded**  10:11

**concludes**  10:8

**consideration**  10:8

**convenience**  3:16,17

**coordination**  3:10 6:22

**counsel**  6:21

**country**  8:13

**couple**  6:25 9:13

**court**  3:22 4:10 5:11

courts   3:17
  8:13

COVID   4:19
  6:1

cut   7:12

_____

          D
_____

deadline's
  7:19

decide   9:6

decision
  5:23 9:12

decisions
  5:18,21
  7:15,23

defendant
  4:14

defendants
  3:10 4:2,3
  8:20

deny   5:18

depends   8:1

determination
  4:22

disclosures
  6:18

discovery
  6:6,7,15,
  17 9:24

dismiss   5:8
  6:18,20
  8:18

district
  3:22,25
  4:5,13
  5:14,16
  8:13 9:7,
  8,11

districts
  3:23

duplication
  8:9

_____

          E
_____

early   7:25

EEOC   6:10,
  11 7:18

end   5:23
  7:25

entities   4:6

exclusively
  6:4

exemptions
  4:19 5:19
  7:15

expirations
  7:23

expressed
  4:23

_____

          F
_____

facts   8:4

fall   8:4

farther   10:3

February
  7:25

federal   4:19
  7:3 8:24

file   7:7

filed   3:12,
  20,21 4:9,
  11 6:14
  9:14 10:4

filing   6:20

firm   3:8
  6:3 10:3

firms   9:13

follow-on
  7:7

forward   6:11

_____

          G
_____

gang   3:5

God   8:11

good   9:7,9

government
  4:19 7:3

group   4:7,17

_____

          H
_____

handled   10:2

handling
  9:21

happened
  6:13 7:24,

25

Hearing   10:7

held   6:20

Hernandez
  9:10

Honor   6:8
  7:16,21
  8:5,17 9:9
  10:1,5

Honors   3:18

huge   8:6

_____

          I
_____

identical
  4:15 7:8

imposed   7:3

included
  3:13,21

including
  7:22

individual
  5:10

individuals
  4:17 6:2

initial   6:17

initially
  4:9,10

involved
  5:24 6:3
  9:18

issue   8:23

**issued**  5:14
  6:13

**issues**  4:15
  5:2,6,7
  7:8 8:6,9

---

### J

**January**  7:25

**Judge**  3:3
  5:13,17,
  18,25 6:5,
  23 7:11,
  13,14,17
  8:3 9:5,6,
  10,17,18,
  23 10:6

**judgement**
  8:18

**judges**  3:22
  9:10

**judgment**  5:9

---

### K

**Kaiser**  3:9,
  25 4:1,4,
  20

**Kimball**
  5:17,18,25
  6:5,23
  9:5,6

---

### L

**language**

  8:25

**large**  3:19

**larger**  4:6

**late**  3:12

**law**  3:8
  8:24 9:13

**lawsuits**
  7:17

**legal**  5:2

**letters**  6:12

**literally**
  4:14 9:2

**litigants**
  3:17

**logged**  5:24

**looked**  5:12

**lot**  6:10
  8:9 9:12

---

### M

**made**  5:8,
  19,20,21
  8:20

**majority**
  4:24 6:1

**make**  4:22
  8:17

**manages**  7:4

**mandate**  4:19

**mandates**
  7:2,5

**Maryland**
  9:18,22,23

**MDL**  3:3,10,
  21 10:8

**Medical**  4:7

**Medicare/medi-
cal**  7:4

**misspoke**
  10:1,5

**months**  6:25

**motion**  5:8,
  15 8:18

**motions**
  6:18,20

**move**  6:11,
  19

**moved**  6:9

**moving**  3:10

**Mullin**  9:21

---

### N

**necessarily**
  8:5

**nexus**  9:12

**night**  3:12

**Northern**
  4:5,12
  5:13,22
  6:4

**Norton**  9:17,
  18,23

**noted**  9:15

**notice**  8:1

**number**  3:19
  4:8,11
  8:12

---

### O

**objection**
  3:14

**objections**
  3:11,15

**office**  5:20

**offices**  5:19

**officially**
  3:13

**operate**  4:3

**Oregon**  4:10,
  11 9:7,8,
  11,13

**originally**
  3:24

---

### P

**panel**  3:3

**panel's**  10:8

**part**  4:16,
  17 7:5

**parts**  5:23

**past**  5:8
  8:18

**pending**  3:21

6:10,19

**people**  4:18
5:24 7:6

**period**  4:20
5:5 7:1

**Permanente**
3:9,25
4:1,4

**petition**
3:13

**place**  9:7

**places**  9:15

**plaintiffs**
6:14 8:4,
7,9,14

**Plaintiffs'**
6:21

**point**  3:18
5:12 9:2

**possibility**
7:1

**potentially**
7:6 8:20

**preamble**
8:24

**preambs**  8:24

**pretty**  9:7

**primarily**
3:15 6:3

**privilege**
5:3

**proceedings**

10:11

**process**  5:1,
4 6:2 8:22

**put**  8:11

─────────────

Q
─────────────

**questions**
10:6

**quickly**  6:9
7:18

─────────────

R
─────────────

**real**  4:2,3

**reality**  4:12

**recall**  5:25

**regular**  5:11

**regulations**
7:4

**related**  3:16

**relates**  4:16

**religious**
4:18,23
5:19 7:9,
15

**remained**
7:15

**remotely**
5:25 6:2

**reported**
9:24

**representing**

3:9

**required**
4:20

**result**  6:12

**review**  4:21

**reviewing**
5:4

**right-to-sue**
6:12,25
7:19

**rise**  8:4

**room**  3:7

**Rowley**  3:4,
6,8 5:21
6:8,24
7:16,20
8:5 9:8,
20,25
10:10

**runs**  7:1

─────────────

S
─────────────

**Seeborg**  5:13

**sense**  7:8

**Seyfarth**  3:8

**Shaw**  3:8

**Sheppard**
9:21 10:3

**short**  4:20
5:5

**show**  7:9

**sic**  8:24

**significant**
6:15 8:23

**similar**  5:6
7:8

**sincerely**
4:23

**sincerely-held**
7:9

**single**  6:8

**Southern**  4:7

**specific**
8:25

**spread**  7:23

**stage**  8:19

**standards**
8:22

**state**  8:24

**statute**  8:25

**stay**  6:19

**subsequent**
7:2

**suddenly**
4:18

**suggested**
3:24 4:10

**suit**  7:7

**summarize**
3:15

**summary**  5:9
8:18

| T | | W | |
|---|---|---|---|
| tagalongs 6:23,24 | | wanted  3:18 | |
| taking  9:20 | | weeds   8:8 | |
| temple  8:10 | | weeks  4:21 | |
| thing  3:18 | | working  6:2 | |
| things  8:15 | | | |
| time  4:20 5:6  7:24 | | | |
| total  7:22 | | | |
| town  3:5 | | | |
| trade  4:1,4 | | | |
| trial  8:19 9:3 | | | |
| turn  3:3 | | | |
| types  8:15 | | | |

| U |
|---|
| ultimately 8:17 |
| unique  5:7 |

| V |
|---|
| vaccine  7:2 |
| vaccines  7:7 |
| vast  4:23 6:1 |
| volume  5:5 |